IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CR-390-1H

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLES MARL BOONE, III, | ) | |
| Defendant. | ) | |

This matter is before the court for a competency determination pursuant to 18 U.S.C. § 4241. By order entered February 27, 2018 [DE #9], Defendant was committed to the custody of the Attorney General for an evaluation to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Defendant has been evaluated as directed, and a report has been prepared by a forensic psychologist at the Bureau of Prisons' Federal Correctional Institution in Butner, North Carolina (Forensic Eval. Report [DE #17].)

On April 18, 2018, a hearing was held pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). Defendant appeared with his attorney, Joseph H. Craven, and Assistant United States Attorney Erin Blondel appeared on behalf of the Government. The forensic psychologist, Dr. Justin Rigsbee, was also present and testified regarding his forensic evaluation. Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine Dr. Rigsbee. Defendant, through counsel, chose not to object to the findings of the psychological evaluation report or to present any evidence with regard to the issue of his mental competency.

In his report, the forensic psychologist opines that Defendant is suffering from a severe mental disease or defect that renders him unable to assist properly in his defense. He notes that Defendant "presents with an impaired factual understanding of the nature of the legal proceedings against him, as well as an impaired rational understanding and an impaired rational ability to assist counsel in his defense." (Forensic Eval. Report at 8.) Although his prognosis is "judged to be guarded due to his history of non-compliance with treatment and subsequent decompensation," it is recommended that competency restoration treatment be undertaken. (*Id.*) At the competency hearing, the psychologist further testified there is a substantial probability that if treated Defendant's condition will improve sufficiently such as that provided for in 18 USC § 4241(d), such that he can be restored to competency in the foreseeable future.

Having carefully considered the psychological evaluation report and the testimony of Dr. Rigsbee and there being no objections to the report, the court adopts the findings of the forensic psychologist. Based upon those findings, the court determines, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is hereby ORDERED that Defendant is committed to the custody of the Attorney General to be hospitalized for treatment at FMC Butner or such other suitable facility as may be designated by the Attorney General for a reasonable period of time, not to exceed four (4) months, as may be necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). At the conclusion of that period of time, not to exceed four (4) months, the

mental health care provider conducting or overseeing Defendant's treatment shall prepare and submit to the court, with copies to counsel for Defendant and the government, a written report detailing the provider's professional observations, conclusions and recommendations regarding whether there exists a substantial probability that in the foreseeable future Defendant will attain the capacity to permit these proceedings to go forward. Upon receipt and consideration of the report by the court and counsel for the parties, the court will make a determination whether Defendant should remain hospitalized for further treatment for an additional reasonable period of time until his mental condition is so improved that proceedings before the court may continue, or until the pending charges against him are disposed of according to law, whichever is earlier. *See* 18 U.S.C. § 4241(d)(2).

Any delay that results from this order is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A), as well as pursuant to 18 U.S.C. § 3161(h)(7)(A), the court finding that the interests of justice served by the additional time required to determine whether Defendant's competency can be restored outweigh the best interests of the public and the defendant in a speedy trial.

This 18th day of April 2018.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge