IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CR-390-1H

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLES MARL BOONE, III, | ) | |
| Defendant. | ) | |

This matter is before the court for a competency determination pursuant to 18 U.S.C. § 4241. By order entered February 27, 2018, Defendant was committed to the custody of the Attorney General for an evaluation to determine whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Following a hearing held pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), the court ordered that Defendant be committed to the custody of the Attorney General to be hospitalized for treatment at FMC Butner or such other suitable facility as may be designated by the Attorney General for a reasonable period of time, not to exceed four (4) months, as may be necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1).

FMC Butner medical staff have since conducted a competency restoration study of Defendant and opine that he currently remains not competent to proceed, Defendant having refused psychotropic medication. Medical staff inform the court that Defendant does not currently pose a substantial risk of danger to himself or others, and medical staff therefore cannot forcibly medicate

him on dangerousness grounds.  If, however, Defendant meets the criteria set forth in *Sell v. United States*, 539 U.S. 166 (2003), he may be forcibly medicated for purposes of restoring competency to stand trial.

The court hereby ORDERS the government to file, on or before October 26, 2018, a notice informing the court and defense counsel whether it intends to pursue forcible medication of Defendant pursuant to *Sell*.

Any delay that results from this order is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A), as well as pursuant to 18 U.S.C. § 3161(h)(7)(A), the court finding that the interests of justice served by the additional time required to determine whether Defendant's competency can be restored outweigh the bests interests of the public and the defendant in a speedy trial.

This 10th day of October 2018.

KIMBERLY A. SWANK
United States Magistrate Judge