IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CR-390-1H

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLES MARL BOONE III, | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Notice of Intent to Seek § 4246 Evaluation, which the court construes as a motion for a § 4246 evaluation. Counsel for Defendant does not oppose the Government's motion, and the court finds the request is well grounded.

On December 12, 2017, Defendant Charles Marl Boone III was charged by way of indictment with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). By order entered February 27, 2018, Defendant was committed to the custody of the Attorney General for a competency evaluation pursuant to 18 U.S.C. § 4241.

A forensic evaluation was conducted at the Bureau of Prisons' Federal Correctional Institution in Butner, North Carolina, from March 15, 2018, to April 5, 2018. On April 12, 2018, the court received the initial forensic evaluation report in which the forensic psychologist opined that Boone was not competent to proceed. After reviewing the report and conducting a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), the court ordered that Boone be committed, pursuant to 18 U.S.C. 4241(d)(1), for treatment and further evaluation to determine whether there was a substantial probability that he would regain competency in the foreseeable future.

A competency restoration study was conducted at FMC Butner, and a report was provided to the court on October 4, 2018. The forensic psychologist opines that Boone, having refused psychotropic medication, remains incompetent to stand trial but "has been free from significantly aggressive or self-harming behavior" and does not "present an imminent risk of danger to himself or others in the hospital setting."

Following receipt and review of the competency restoration report, the court entered an order directing the Government to inform the court whether it would be pursuing forcible medication, pursuant to *Sell v. United States*, 539 U.S. 166 (2003), for the purpose of restoring Boone's competency to stand trial. On October 25, 2018, the Government informed the court it "does not seek forcible medication at this time" but instead requests an evaluation to determine whether Boone meets the criteria for civil commitment pursuant to 18 U.S.C. § 4246.

Under 18 U.S.C. § 4246, an individual found incompetent to stand trial on a federal indictment may be civilly committed if, after a hearing, "the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(c). The statute further authorizes a court to order such psychiatric or psychological examination as may be necessary to the court's determination. 18 U.S.C. § 4246(d).

The Government points out that the report of the competency restoration study at FMC Butner indicates that Boone is not a danger to himself or others in the hospital setting but does not address whether Boone's mental condition would render him dangerous if released. Thus, the Government seeks further evaluation to determine whether Boone should be civilly committed. Counsel for Defendant does not object to the evaluation.

2

Based upon the competency restoration report, it appears to the court that Boone's condition is not so improved as to permit the proceedings to go forward at this time. Boone's commitment pursuant to § 4241(d) having come to an end, he is now subject to the provisions of § 4246. *See* 18 U.S.C. § 4241(d) ("If, at the end of the time period specified [for competency restoration treatment], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.")

Accordingly, the court ORDERS that Boone be committed to the custody of the Attorney General at FMC Butner, or such other suitable facility as may be designated by the Attorney General, for a period not to exceed forty-five (45) days for purposes of a psychological and/or psychiatric examination to determine whether civil commitment proceedings should be instituted pursuant to 18 U.S.C. § 4246(a). A report of the examination(s) shall be prepared and filed with the court pursuant to 18 U.S.C. § 4247(c), with copies provided to counsel for Defendant and counsel for the Government.

This 6th day of November 2018.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge